UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOBY J. MASSE,<br><br>               Plaintiff,<br><br>  vs.<br><br>MAGGIE MILLER-STOUT, UNIT SUPERVISOR BECERRA, JAMES WATKINS, LARRY JENKINS, and C/O STARR,<br><br>               Defendants. | NO.  CV-08-279-JPH<br><br>ORDER ADOPTING IN PART AND STRIKING IN PART REPORT AND RECOMMENDATION, DISMISSING COMPLAINT IN PART, AND DIRECTING SERVICE<br><br>***ACTION REQUIRED*** |

    BEFORE THE COURT are Plaintiff's Objections (Ct. Rec. 9) to the Report and Recommendation to dismiss his complaint in part (Ct. Rec. 7).  Plaintiff, a prisoner at the Stafford Creek Corrections Center is proceeding *pro se* and *in forma pauperis*; Defendants have not yet been served.

    Plaintiff objects to the dismissal of the Department of Corrections.  He concedes this Defendant is not a "person" under 42 U.S.C. § 1983, but seeks to bring supplemental state law claims of negligence and battery against this Defendant.  As previously advised, the Ninth Circuit has held that the State of Washington did not waive its Eleventh Amendment immunity to suit in federal court by consenting

///

ORDER DIRECTING SERVICE -- 1

to be sued in state court. *Whiteside v. Washington,* 534 F. Supp. 774, 778 (E.D. Wash. 1982) (*citing McConnell v. Critchlow*, 661 F.2d 116 (9th Cir. 1981) (*citing Skokomish Indian Tribe v. France*, 269 F.2d 555, 561 (9th Cir. 1959)). Consequently, Plaintiff may not pursue pendent state claims against the State of Washington Department of Corrections in federal court either. Therefore, **IT IS ORDERED** the Report and Recommendation is **ADOPTED** regarding Defendant Department of Corrections.

Plaintiff also objects to the dismissal of Grievance Program Manager Schrum, claiming he failed to act to correct violations of Plaintiff's constitutional rights. Once again, the failure of prison officials to respond to or process a particular grievance does not violate the Constitution. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D.Ind.2003) ("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials"). Therefore, **IT IS ORDERED** the Report and Recommendation is **ADOPTED** regarding Defendant Schrum.

In addition Plaintiff objects to an unsupported finding he failed to demonstrate a due process deprivation regarding his outgoing mail. The court notes at page 3 of the Recommendation (Ct. Rec. 7), the sentence beginning at line 3 and ending at line 5, "In addition . . ." should be stricken to be consistent with the remainder of the Recommendation indicating Plaintiff's claims of retaliation and interference with his outgoing legal mail would be served.

///

ORDER DIRECTING SERVICE -- 2

Therefore, **IT IS ORDERED** the Report and Recommendation is **ADOPTED in part** and **STRICKEN in part**, the Complaint and the allegations against the Department of Corrections and Defendant Devon Schrum are **DISMISSED with prejudice.** The District Court Executive is **DIRECTED** to **TERMINATE** these two Defendants from this action and to **STRIKE** them from the caption of the complaint.

The court finds Plaintiff's remaining claims of retaliation and interference with his outgoing legal mail are sufficient to require a response from the remaining Defendants. **IT IS HEREBY ORDERED:**

1. The United States Marshal, in compliance with Fed. R. Civ. P. 4(c)(2) and (d), shall send, by First Class Mail, the Summons, Complaint and this Order, upon the above-named Defendants, together with a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons and a return envelope, postage prepaid, addressed to the sender. The costs of mailing shall be advanced by the United States.

2. The District Court Executive shall mail a copy of the Complaint to the Office of the Attorney General for the State of Washington, Criminal Justice Division.

3. Defendants shall file an answer or otherwise respond to Plaintiff's claims regarding retaliation and interference with his outgoing legal mail contained in the Complaint within sixty (60) days after mailing (if formal service is waived), forty-five (45) days if service is not waived. Failure to so respond may result in entry of a default judgment, pursuant to Local Rule 55.1. A Notice of Appearance is not an adequate response.

ORDER DIRECTING SERVICE -- 3

4. **The District Court Executive shall set a case management deadline sixty (60) days after the date of this Order.**

5. Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the court. He shall include, with the original paper to be filed with the District Court Executive, a certificate stating the date a true and correct copy of any document was mailed to the Defendants or to their counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the District Court Executive or which fails to include a certificate of service will be disregarded by the court. Plaintiff is also advised that, throughout this action, he must notify the District Court Executive regarding any change of address and phone number (at least a message phone). Failure to do so might result in the dismissal of the action if the court is unable to contact Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiff.

**DATED** this 11th day of December, 2008.

***s/Lonny R. Suko***

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE